UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAR -4  PM 4: 35

CLERK

BY_____ LG
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 2:23-cr-119-1, 2 |
| ) | |
| BAYOHAN MANGUAL and ) | |
| JOANNE DAVIS, ) | |
| ) | |
| Defendants. ) | |

ORDER ON MOTION TO SUPPRESS EVIDENCE (Doc. 236, 245)

Following a fatal shooting and the wounding of a second man at a residence in Rutland, Vermont on September 2, 2023, the Rutland City police conducted an investigation. On October 18, 2023, a federal grand jury indicted defendant Bayohan Mangual on a single count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On November 10, 2023, law enforcement applied in the District of Connecticut for a warrant authorizing a search of Mr. Mangual's home in New Britain, Connecticut. Mr. Mangual moves to suppress evidence found in the search on two bases:

1. An incorrect statement concerning his criminal history. The affidavit states that in addition to federal convictions in Connecticut on drug charges in 2014 and 2017 and a state felony conviction, also in Connecticut, for a

1

firearms offense, Mr. Mangual has a 2013 misdemeanor drug conviction in Pennsylvania. This is not correct. He has no convictions in Pennsylvania.[1]

2. An incorrect statement that "Ring camera" security footage shows a man in a hoodie in a distinct blue color stuff what appears to be a handgun inside a bag.

Mr. Mangual seeks a *Franks* hearing to further challenge the truthfulness of these statements.

## ANALYSIS

The decision of the Supreme Court in *Franks v. Delaware*, 438 U.S. 154 (1978) requires a showing of a false statement made with reckless disregard for the truth that is material to the probable cause determination. Neither of the statements in this case meet that standard.

I.   The mistake concerning a prior misdemeanor conviction

The mistake concerning the Pennsylvania misdemeanor conviction is not material nor is there any likelihood that it meets the recklessness standard. Mr. Mangual's criminal record is relevant to the probable cause inquiry because it includes two prior federal felony convictions for drug offenses and a state firearms violation. The information that he had a misdemeanor drug conviction 10 years before in Pennsylvania (while incorrect) was inconsequential beside three more recent drug and gun convictions.

---

[1] The Government notes that he has three misdemeanor convictions in Connecticut. Information not provided to the judge who issued the search warrant is irrelevant to the issue of probable cause and the court does not consider these convictions.

II.  The surveillance video

The court has reviewed the surveillance tape that gave rise to the statement in paragraph 15 of the affidavit that "the male in the teal-colored hoodie appeared to place an item inside the bag. RPD Detective Corporal Lucia slowed down the footage and observed that the item appeared to be a black handgun." The man appears on the screen for only a few seconds, but it is long enough to observe a black object in his right hand – bigger than a phone and shaped in a general way like a handgun. As he runs, he stuffs the object into a small duffel or backpack he is carrying in his left hand.

The statement in paragraph 15 is not erroneous. The object does appear to be a black handgun. It is not a phone, a wallet, a purse, or a handbag. It could be a tool of some kind or another solid object such as an auto part. But having looked at the video carefully, a gun is high on the court's list of likely suspects. Certainly there may not be enough information to identify the make or model or whether it is an automatic or a revolver. But Corporal Lucia did not overplay the hand. He stated only that the item appeared to be a black handgun and that statement is consistent with the court's own observation. The statement was not false.

The statement was also not material in the sense that it was not necessary to support issuance of a search warrant. It formed only a small portion of the evidence giving rise to probable cause to suspect that Mr. Mangual had committed the offense of felon in possession.

The affidavit contains statements from two witnesses supporting a finding of probable cause:

- An individual arrested by Rutland police on September 9, 2023, described working with Mr. Mangual to bring large quantities of fentanyl and cocaine base into Vermont on multiple occasions. He told law enforcement that he had seen "Drake" possess guns in order to protect himself. He provided a detailed account of the shooting he received from "Drake" a few days after the incident on September 2. Drake (Mangual) told him that two males had pushed into the apartment to rob him and that he had shot one who entered his room.

- Another person arrested on September 12, 2023, admitted to allowing "Drake" to sell drugs out of her apartment in Rutland. Several witnesses in Massachusetts and Connecticut identified photos of "Drake" as Mr. Mangual.

These witness statements are sufficient to support a finding of probable cause to search Mr. Mangual's residence for evidence of firearm offenses.

The defense contends that unspecified inconsistencies in the statements of the witnesses about Mr. Mangual's activities in Vermont render the affidavit unreliable. In fact, the witness statements are generally consistent in their description of Mr. Mangual's activities even though law enforcement received them from different people and at different times.

For these reasons, the court DENIES the request for an evidentiary hearing and DENIES the motion to suppress.

Dated: March 4, 2026.

Geoffrey Crawford,
Senior District Court Judge